# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

|                          |   |                              |
|--------------------------|---|------------------------------|
| **JAIME MEDINA,**        | * |                              |
| Plaintiff,               | * |                              |
| v.                       | * | Civil Case No.: RWT 14cv329  |
| **L&M CONSTRUCTION, INC.,** | * |                            |
| Defendant.               | * |                              |

## MEMORANDUM OPINION AND ORDER

On January 2, 2014, Plaintiff Jaime Medina ("Medina") filed a Complaint against her former employer, Defendant L&M Construction, Inc. ("L&M") in the Circuit Court for Montgomery County, Maryland. ECF No. 2. According to the Complaint, Medina, a transsexual who has been "transitioning from the male to female sex and gender," was sexually harassed on numerous occasions by a supervisor at L&M. ECF No. 2. Medina also alleged that she was fired for rejecting her supervisor's sexual advances and for assisting another employee report an incident of sexual harassment. ECF No. 2. The Complaint contained seven Counts against L&M, including three under Title VII of the 1964 Civil Rights Act. ECF No. 2.

On February 3, 2014, L&M removed the case to this Court on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1441. ECF No. 1. On February 10, 2014, L&M filed an Answer to Medina's Complaint. ECF No. 13.

Under Federal Rule of Civil Procedure 15(a)(1), Medina had twenty-one days from the date that L&M served its Answer on her to amend her Complaint "as a matter of course." Fed. R. Civ. P. 15(a)(1). On February 19, 2014, well within this window, Medina filed an Amended

Complaint, in which she removed the three Counts under Title VII, leaving three Counts under Md. Code Ann., State Gov't § 20-606 and one Count for Wrongful Termination. ECF No. 15. Thus, Medina's Amended Complaint was timely filed and is the operative complaint in this case.

On the same day that she filed her Amended Complaint, Medina filed a Motion to Remand this case back to the Circuit Court for Montgomery County, Maryland, asserting that the Amended Complaint "eliminates any claims arising under federal law," and arguing that this Court should decline to exercise jurisdiction over Medina's state law claims. ECF No. 16. L&M filed an Opposition to the Motion to Remand on March 10, 2014, ECF No. 19, and Medina filed a Reply on March 14, 2014, ECF No. 20.

As an initial matter, Medina and L&M disagree over whether Medina's remaining claims arise under federal law such that this Court maintains federal question jurisdiction over them. The Amended Complaint contains allegations that the U.S. Department of Labor's Office of Federal Contract Compliance Programs ("OFCCP") "concluded that L&M had committed 20 violations of federal laws regarding workplace protections, including two discriminatory violations," that "L&M's illegal treatment of Medina was among the violations the OFCCP found had occurred," and that "[a]fter the OFCCP investigation revealed the harassment by [Medina's supervisor], L&M fired him." Am. Compl. ¶¶ 13-15, ECF No. 15 at 4. According to L&M, these allegations create federal question jurisdiction over the Amended Complaint because Medina "uses the outcome of OFCCP's federal investigation to support her allegations [of] discrimination and retaliation under Maryland law," and a "court hearing this matter will determine whether the information relied upon by the OFCCP justified its finding under federal statutes and regulations and the weight those findings should have in supporting Plaintiff's claims." ECF No. 19 at 4.

L&M's argument must be rejected. "Congress has authorized the federal district courts to exercise original jurisdiction in 'all civil actions arising under the Constitution, laws, or treaties of the United States.'" *Gunn v. Minton*, 133 S. Ct. 1059, 1064 (2013) (quoting 28 U.S.C. § 1331). The parties in this case do not dispute that the four counts of Medina's Amended Complaint do not invoke causes of action created by federal law. *See id.* ("[A] case arises under federal law when federal law creates the cause of action asserted."). However, L&M asserts that the state law claims of the Amended Complaint still arise under federal law. While there is a "a 'special and small category' of cases" where a state law claim may arise under federal law sufficient to create federal question jurisdiction, for this category to apply, a federal issue must be "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Id.* at 1064-65.

Despite L&M's attempts to shoehorn the four state law counts of Medina's Amended Complaint into this group of cases, they do not fit within this "special and small category." At the outset, the first requirement is not met—a federal issue is not "necessarily raised" by Medina's allegations concerning the OFCCP. "If a plaintiff can establish, without the resolution of an issue of federal law, all of the essential elements of his state law claim, then the claim does not necessarily depend on a question of federal law." *Pinney v. Nokia, Inc.*, 402 F.3d 430, 442 (4th Cir. 2005) (internal citations omitted). Medina's state law claims do not require the resolution of an issue of federal law, and the results of OFFCP's investigation are not integral to Medina's allegations of sexual harassment and retaliation. Thus, Medina's state law claims do not "arise under" federal law.[1]

---

[1] L&M also mentions Medina's allegation that she exhausted her administrative remedies by filing a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"). ECF No. 19 at 4. However, L&M offers no authority to show that this exhaustion of administrative remedies supports its argument that Medina's remaining claims "arise under" federal law.

As a result, this Court enjoys only pendent jurisdiction over Medina's Amended Complaint, and it is within this Court's discretion whether to remand the case to state court. *See Shilling v. Nw. Mut. Life Ins. Co.*, 423 F. Supp. 2d 513, 520 (D. Md. 2006). "In deciding whether to exercise jurisdiction over pendent state-law claims, a district court should 'consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.'" *B.A. v. Prince George's Cnty., Maryland*, CIV. PJM 10-1674, 2010 WL 4225710, *2 (D. Md. Oct. 26, 2010) (quoting *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 349–50 (1988)). "Where all federal-law claims are eliminated before trial, the balance of these factors will generally point toward declining to exercise jurisdiction over the remaining state-law claims." *Id.* (citing *Cohill*, 484 U.S. at 350 & n.7).

Here, all of the federal claims have been eliminated before trial, and the balance of factors leads this Court to decline to exercise jurisdiction over Medina's remaining claims. This Court "has not yet expended substantial federal resources on this case," *Shilling*, 423 F. Supp. 2d at 520, while Medina had already initiated the process of discovery in state court before the case was removed, serving L&M with document requests and interrogatories, ECF Nos. 4, 5. In addition, the distance between this Court's Greenbelt courthouse and the courthouse for the Circuit Court for Montgomery County, Maryland is not so great as to make convenience a strong factor in this analysis. Finally, as a matter of comity, this Court will remand Medina's state law claims back to state court, as "[n]eedless decisions of state law [by federal courts] should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966); *see also Taylor v. Giant Food, Inc.*, 438 F. Supp. 2d 576, 580 (D. Md. 2006) (quoting *Gibbs*, 383 U.S. at 726).

While this Court recognizes that Medina may have removed her federal claims in order to send the case back to state court, *Shilling*, 423 F. Supp. 2d at 520, that factor does not alter the Court's conclusion that this case should be remanded to state court, and there is no evidence that Medina has acted in bad faith, *Ramotnik v. Fisher*, 568 F. Supp. 2d 598, 602-03 (D. Md. 2008).

Accordingly, it is this 23rd day of April, 2014, by the United States District Court for the District of Maryland,

**ORDERED**, that the Plaintiff's Motion to Remand [ECF No. 16] **IS GRANTED**; and it is further

**ORDERED**, that this case **IS REMANDED** to the Circuit Court for Montgomery County, Maryland.

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE
